**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Baltimore Division**

| | |
|---|---|
| YOUNG JEON, ) | |
| ) | COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| NCC BUSINESS SERVICES INC. ) | |
| JANE DOE ) | |
| ) | |
| Defendants ) | |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here

**PARTIES**

4. Plaintiff is a resident of Harford County, Maryland.

5. Defendant NCC Business Services Inc. ("NCC") is a company that specializes in debt collection. Defendant NCC is therefore a debt collector as that term is defined by 15 U.S.C. §1692a(6). Its principal place of business is located at 9428 Baymeadows Rd, Suite 200, Jacksonville, FL 32256.

6. Defendant Jane Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant NCC as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)

**FACTUAL ALLEGATIONS**

6. On or about October 10, 2006, Plaintiff took out a second mortgage from Citibank. This was a financial obligation that were primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. On or about August 19, 2010, the Plaintiff sought protection from his creditors by filing a joint voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland. (Case No. 10-28974)

8. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of "Citibank" for a secured loan in the amount of $111,340.00. A copy of the filed Schedule D is attached as **Exhibit A**.

9. There were no Objections to Discharge or Adversary Proceedings filed under 11 U.S.C § 523 to determine the dischargeability of this debt.

10. On December 3, 2010, the Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524.  The Plaintiff alleges that this Discharge included the debt being collected by Defendant.

11. On or about December 5, 2010, the Clerk of the Bankruptcy Court certified that it had sent notification of the Discharge to all creditors, including Citibank. A copy of this Certificate is attached as **Exhibit B.**

12. In the middle of September 2011, Defendant Jane Doe called on behalf of her employer Defendant NCC looking to collect on this debt from Plaintiff

13. Plaintiff did not answer this call so Defendant Jane Doe left a voicemail.

14. The voicemail stated "Hi my name is *<inaudible>* and this message is for Young Jeon. My telephone number is 440-777-4259. My extension is 213."

15. Plaintiff called Defendant Jane Doe back looking to see what she was calling about and Defendant said that it was for the balance on the debt owed to Citibank.

16. Plaintiff told Defendant Jane Doe that he filed bankruptcy and to contact his attorney,

17. About a week later, Defendant Jane Doe contacted Plaintiff again, seeking to collect on the Citibank debt.

18. Plaintiff again told Defendant Jane Doe that he filed for bankruptcy and this time he directly provided Defendant Jane Doe with his attorney's number.

19. On or about September 21, 2011, Defendant NCC sent a collection letter to Plaintiff seeking $111, 090.18 for the debt previously owed to Citibank. A copy is attached as **Exhibit C.**

20. On or about October 5, 2011, Plaintiff's counsel attempted to call Defendant Jane Doe at the extension she provided Plaintiff.

21. Defendant refused to disclose the identity of Jane Doe to Plaintiff's counsel.

22. All of the above-described collection communications made to Plaintiff by Defendant Doe were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(6), 1692c(a)(2), 1692d, 1692e, 1692e(2), 1692e(10), 1692e(11), 1692f, and 1692f(1), amongst others.

## LEGAL APPLICATION

23. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant NCC, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

24. The above-detailed pattern of conduct by these Defendants of harassing Plaintiff in an effort to collect on a discharged debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

25. Plaintiff had filed bankruptcy specifically to gain relief from his creditors and to stop these kinds of collection efforts.

26. Due to these series of abusive collection calls by Defendant Doe and her employer, Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

*Respondeat Superior Liability*

27. The acts and omissions of Defendant Doe who communicated with the Plaintiff as more further described herein, were committed within the time and space limits of the former's agency relationship with her principal, Defendant NCC.

28. The acts and omissions by Defendant Doe were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant NCC in collecting consumer debts.

29. By committing these acts and omissions against Plaintiff, Defendant Doe was motivated to benefit her principal, Defendant NCC.

30. Defendant NCC is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

**COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. This Court in *Awah v. Donaty*, 2009 U.S. Dist. LEXIS 103077 (D. Md. Nov. 4, 2009) stated that in order for Plaintiff to make a successful claim under the FDCPA, he/she must show that

    (1) The plaintiff has been the object of collection activity arising from consumer debt;
    (2) The defendant is a debtor collector as defined by the FDCPA; and
    (3) The defendant has engaged in an act or omission prohibited by the FDCPA.

33. Here, all elements are present, satisfied, and cannot be disputed.

34. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

d) For such other and further relief as this Court deems just and proper.

**COUNT II. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

35. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

36. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices** contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

*15 U.S.C. § 1692(a) (emphasis added).*

37. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of

"financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress **that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

*15 U.S.C. § 6801(a) (emphasis added).*

38. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt after Plaintiff informed them she was represented by counsel.

39. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

40. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns or affairs, and private financial information.

41. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

42. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional invasions of privacy in an amount to be determined at trial and for Plaintiff;

b) For an award of punitive damages from each Defendant and for Plaintiff; and

c) For an award of reasonable attorney's fees and costs; and

d) For such other and further relief as this Court deems just and proper.

## TRIAL BY JURY

43. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted this 5th day of October, 2011.

YOUNG JEON

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com

Complaint - 6